Kevin S. Sinclair, Esq., Nevada Bar No. 12277
  *ksinclair@earlysullivan.com*
Sophia S. Lau, Esq., Nevada Bar No. 13365
  *slau@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
8716 Spanish Ridge Avenue, Suite 105
Las Vegas, Nevada 89148
Telephone: (702) 331-7593
Facsimile: (702) 331-1652

Attorneys for Defendants
FIDELITY NATIONAL TITLE INSURANCE COMPANY
AND CHICAGO TITLE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.<br><br>Defendants. | Case No.: 2:19-cv-00385-JAD-VCF<br><br>**STIPULATION AND ORDER TO STAY CASE PENDING APPEAL**<br><br>ECF Nos. 26, 27 |

    Plaintiff Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its Individual Capacity but as Trustee of ARLP Trust 3 ("Bank") and defendants Fidelity National Title Insurance Company and Chicago Title Insurance Company ("Insurers") (collectively, the "Parties"), by and through their undersigned counsel, stipulate and agree as follows, subject to the approval of the District Court:

    **WHEREAS**, there are now currently pending in the United States District Court for the District of Nevada more than three dozen actions between national banks, on the one hand, and their title insurers, on the other hand (the "Actions");

    **WHEREAS**, each of the Actions involves a title insurance coverage dispute wherein the national bank contends, and the title insurer disputes, that a title insurance claim involving an



524434.1

1
**STIPULATION AND PROPOSED ORDER**

HOA assessment lien and subsequent sale was covered by a policy of title insurance;

**WHEREAS**, in virtually all of these Actions, the title insurer underwrote an ALTA 1992 loan policy of title insurance with form 1 coverage, along with the CLTA 100/ALTA 9 Endorsement and either the CLTA 115.1/ALTA 4 Endorsement or the CLTA 115.2/ALTA 5 Endorsement (the "Form Policy");

**WHEREAS**, each of the Actions implicates common questions of interpretation of the Form Policy;

**WHEREAS**, the national bank in one of these actions has now appealed a judgment of dismissal to the Ninth Circuit Court of Appeals, *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* Appeal");

**WHEREAS**, the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the *Wells Fargo II* Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action;

**WHEREAS**, Insurers previously moved to stay the instant action pending the disposition of the *Wells Fargo II* Appeal (the "Motion to Stay");

**WHEREAS** of the Parties intend that the instant Stipulation is to withdraw and replace the previously filed Motion to Stay;

**WHEREAS** the Parties agree that it is appropriate and desirous to stay the instant action pending the disposition of the *Wells Fargo II* Appeal, that a stay of the instant action will not prejudice either of the Parties, and that a stay of the instant action will best serve the interests of judicial economy (given the possibility that the Ninth Circuit Court of Appeals' decision on the *Wells Fargo II* Appeal might affect the disposition of this case);

**NOW THEREFORE**, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. The instant action shall immediately be **STAYED**, pending the disposition of the *Wells Fargo II* Appeal.



2. The scheduling order previously entered in this action is hereby **VACATED**.

3. Each of the Parties shall be excused from responding to any now-outstanding discovery requests propounded by another until after the stay is lifted.

4. Any now-pending deadlines to file responses to, or replies in support of, any outstanding motions are hereby **VACATED**.

5. By entering into this stipulation, the Parties are not waiving any right they may have to subsequently move the Court for an order lifting the stay in this action.

Dated this 25th day of November 2019     EARLY SULLIVAN WRIGHT
                                         GIZER & McRAE LLP

                                              */s/--Kevin S. Sinclair*
                                         By: _____
                                         Kevin S. Sinclair, Esq.
                                         Nevada Bar No. 12277
                                         Sophia S. Lau, Esq.
                                         Nevada Bar No. 13365
                                         8716 Spanish Ridge Avenue, Suite 105
                                         Las Vegas, Nevada  89148

                                         Attorneys for Defendants FIDELITY NATIONAL TITLE INSURANCE COMPANY AND CHICAGO TITLE INSURANCE COMPANY

Dated this 25th day of November 2019     WRIGHT, FINLAY & ZAK, LLP

                                              */s/--Lindsay D. Robbins*
                                         By: _____
                                         Matthew S. Carter, Esq.
                                         Nevada Bar No. 9524
                                         Lindsay D. Robbins, Esq.
                                         Nevada Bar No. 13474
                                         7785 W. Sahara Ave., Suite 200
                                         Las Vegas, NV 89117

                                         Attorneys for Plaintiff CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3

## **ORDER**

Based on this stipulation [ECF No. 27] and good cause appearing, IT IS SO ORDERED; **THIS ACTION IS STAYED**, and any party may move to lift stay under the terms of this stipulation.  The Motion to Stay **[ECF No. 26] is DENIED as moot**.

_____
U.S. District Judge   12-10-19

3
**STIPULATION AND PROPOSED ORDER**



524434.1