UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Christiana Trust,

    Plaintiff

v.

Fidelity National Title Group, Inc.; et al.,

    Defendants

Case No.: 2:19-cv-00385-JAD-VCF

**Order Denying Motion to Extend Stay**

[ECF Nos. 30, 32]

This is one of the many second-generation HOA foreclosure cases in which mortgage holders sue title insurers for failing to defend and indemnify them in the first-generation quiet-title suits that swamped Nevada's courts for many years. The central issue in this new crop of cases is whether the title-insurance policies, which contain standard industry form language, cover such claims. On the parties' stipulation, I stayed this case while the appeal from a similar action was pending,[1] with the hope that the Ninth Circuit's ruling would bind the result here. But that appeal concluded with no useful guidance, and the stipulated stay of this case has now expired.[2] The title insurers now move to extend the stay until yet another appeal—one before the Nevada Supreme Court—concludes.[3] Because I find that a further stay is not warranted, I deny the motion to extend the stay, and I return this case to the litigation track.

---

[1] ECF No. 28 (stipulation and order staying action).

[2] *See id.* (staying action only during the pendency of the *Wells Fargo* appeal).

[3] ECF No. 30 (motion to extend stay).

**Discussion**

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[4] When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[5]

A temporary stay made sense in December 2019. The significant overlap between the Ninth Circuit *Wells Fargo* appeal and this matter brought hope that a brief stay would make for efficient case management. Unfortunately, *Wells Fargo* did not yield a ruling that also disposes of this case. And although the Nevada Supreme Court has been presented with some of the same issues in *PennyMac Corporation v. Westcor Land Title Insurance Company*, there is no guarantee that the *PennyMac* appeal will be any more useful. Even if it proves to be so, we likely won't know for more than a year as briefing isn't even scheduled to begin until mid-March.[6] And if this new generation of HOA cases shares just a fraction of the whack-a-mole character of its predecessor, even a binding ruling in *PennyMac* won't end this litigation.

A second stay pending the *PennyMac* appeal also will result in too great a delay here. This case is nearly three-years old, and its subject matter is far older. It involves a title-insurance policy issued in 2006,[7] and the coverage demand that prompted this litigation was tendered more

---

[4] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[5] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

[6] *Nevada Supreme Court Case Information: 83737*, Nev. App. Case Mgmt. Sys., http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=62688 (last visited Jan. 26, 2022).

[7] ECF No. 1 at 3–4.

than seven years ago now.[8]  Further delaying discovery with an extended stay will only compound the difficulties that the parties are already likely to face.  When balanced against the possible damage and hardships that may result from a further stay, the likelihood of benefits is insufficiently weighty to justify one.

**Conclusion**

IT IS THEREFORE ORDERED that the motion to extend the stay of this case pending the conclusion of the *PennyMac* appeal **[ECF No. 30] is DENIED**.  THE STAY HAS EXPIRED by its own terms, and the Clerk of Court is directed to **remove the STAY designation** from this matter.  Any party wishing to reurge a motion that was pending (and denied without prejudice) at the time the stay was entered should review the prior motion, make any changes or updates that are warranted, and file the motion with the word "Renewed" before the title.  The deadlines for filing responses and replies will be governed by Local Rule 7-2(b).

IT IS FURTHER ORDERED that the Stipulation to Extend the Deadline to file the Reply in Support of the Motion to Lift Stay **[ECF No. 32] is APPROVED** *nunc pro tunc* to January 20, 2022; the reply brief filed at ECF No. 33 is deemed timely filed.

 _____
U.S. District Judge Jennifer A. Dorsey
January 27, 2022

---

[8] *Id*. at 7.